UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOUIS WILLIAMS** | **CIVIL ACTION** |
| **versus** | **NO. 06-3421** |
| **JEFFERY TRAVIS** | **SECTION: "I" (6)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C.

§ 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE AS UNTIMELY.**

Petitioner, LOUIS WILLIAMS, is a state prisoner incarcerated at the Washington Correctional Institute in Angie, Louisiana. On March 6, 1997, he was convicted of one count of theft in excess of $500, in violation of La. R.S. 14:67(A). Following a multiple offender adjudication, Williams was sentenced to a term of twenty (20) years in prison, without benefit of parole, probation or suspension of sentence. On May 24, 2000, the Louisiana Fourth Circuit Court of Appeal affirmed his conviction but vacated the multiple bill adjudication and sentence and remanded the case for re-sentencing.[2] The Louisiana Supreme Court denied his related writ application on August 31, 2001.[3]

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

[2] *State v. Williams*, 761 So.2d 830 (La. App. 4th Cir. 2000) (No. 98-KA-2144)(Table) (unpublished); State Rec., Vol. II (supplemental).

[3] *State v. Williams*, 795 So.2d 1203 (La. 2001) (No. 2000-KO-1876); State Rec., Vol. II (supplemental).

Following a new multiple offender hearing, Williams was re-sentenced to twenty years as a second offender on April 23, 2002.[4] Williams' sentence was affirmed on November 20, 2002 by the Louisiana Court of Appeal, Fourth Circuit.[5] On October 3, 2003, the Louisiana Supreme Court denied petitioner's request for writ of certiorari.[6]

Williams next filed with the state district court an application for post-conviction relief. As the State points out in its supplemental response, a copy of the application is not contained in the state record and no date of filing is indicated. There is, however, a letter to the Clerk, Orleans Criminal District Court, from petitioner dated as "Nov. ___, 2004" which indicates that petitioner had forwarded a "motion and order to compel answer" as well as a "motion for evidentiary hearing" to the court.[7] The metered date stamped on the envelope by the prison facility in which this pleading was evidently mailed is dated November 24, 2004. That application was denied by the state district court on December 1st, 2004.[8] Williams then sought supervisory writs from the Louisiana Court of

---

[4] State Rec. II (transcript of re-sentencing); State Rec. Vol. I (supplemental) docket entry.

[5] State Rec. Vol. I (supplemental), see also, *State v. Williams*, 833 So.2d 428 (La. App. 4th Cir. 2002).

[6] State Rec. Vol. I and III (supplemental); see also, *State v. Williams*, 855 So.2d 307 (La. 2003).

[7] State Rec., Vol. II.(supplemental).

[8] State Rec. Vol. II (supplement).

– 3 –

Appeal, Fourth Circuit, who denied relief on February 10, 2005.[9] Petitioner thereafter sought writs from the Louisiana Supreme Court, with said court denying relief on February 10, 2006.[10]

While the writ to the Louisiana Supreme Court was pending, petitioner also filed a motion to correct illegal sentence in the district court, dated only with the year "2005". No stamp date appears on the pleading, however, a letter from petitioner dated February 15, 2005 indicates that the motion was being enclosed and mailed to the court.[11] The motion was denied by the state district court on February 24, 2005.[12] The Louisiana Court of Appeal, Fourth Circuit denied writs on November 23, 2005.[13] There is nothing in the record to indicate that petitioner appealed this decision to the Louisiana Supreme Court.

---

[9]State Rec. Vol. II (supplement) and Vol. III.

[10]*State ex rel. Williams v. State*, 924 So.2d 155 (La. 2006).

[11]State Rec. Vol. II (supplement).

[12]State Rec. Vol. II (supplement).

[13]State Rec. Vol. III.

On or about May 22, 2006, Williams filed the instant application for federal habeas relief.[14] Thereafter, the State filed a response to the petition, which was supplemented on September 30, 2008 and again on December 9, 2008.[15]

Subsequent to his filing of the instant federal petition, however, petitioner again filed a motion to correct an illegal sentence in the state district court on August 1, 2007.[16] The motion was denied by the district court on August 6th, 2007.[17] An application for supervisory writs was then filed with the intermediate appellate court on or about August 13, 2007 and denied on September 13th, 2007.[18] Subsequently, a request for review by the Louisiana Supreme Court was filed on December 5, 2007 and denied on September 19, 2008, based upon La. C. Cr. P. art. 930.8 and *State ex rel. Glover v. State*, 660 So.2d 1189 (9/19/08).[19]

---

[14]See Fed. Doc. 6, p. 22 for meter date of envelope in which petitioner mailed his federal habeas application.

[15]See Fed. Rec. Docs. 11 (first response), 13 (supplemental response), and, 15 (second supplemental response).

[16]State Rec. Vol. 1 (second supplemental).

[17]State Rec. Vol. 1 (second supplemental).

[18]State Rec. Vol I (second supplemental) contains a copy of the writ application to the Louisiana Fourth Circuit which is dated August 15, 2007. State Rec. Vol. II (second supplemental) contains a copy of the same which is dated August 13, 2007. The court gives petitioner the benefit of the earlier filing date. The denial of relief by the Fourth Circuit can be found in State Rec. Vol. I or II, (second supplemental).

[19]The original state records submitted do not contain a copy of the motion to correct illegal sentence nor of the requests for review nor the denials of review which resulted from the filing of

The state contends, both in its original response as well as in its supplemental responses, that petitioner's federal application is untimely.[20] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[21]

As noted, the Louisiana Supreme Court denied petitioner's writ application after his re-sentencing on October 3, 2003.[22] Therefore, under § 2244(d)(1)(A), his conviction became "final" ninety (90) days later, i.e., on January 2, 2004 when his period

---

the motion to correct illegal sentence. A staff member of the undersigned Magistrate Judge obtained a copy of the writ application which was filed with the Louisiana Supreme Court on December 5, 2007, Writ No. 07-KH-2344, from the Clerk, Louisiana Supreme Court. Attached to the writ application was a copy of the motion to correct an illegal sentence as well as a copy of the application for supervisory writs filed in the Louisiana Court of Appeal, Fourth Circuit. Also attached are copies of the denial of relief by the state district court, the intermediate appellate court and the Louisiana Supreme Court related to the motion to correct illegal sentence. The packet of documents obtained from the Louisiana Supreme Court has been filed, *in globo*, into the federal record of this matter. Subsequently, on December 9, 2008, the State filed a second supplemental response containing, *inter alia*, the same documents. See Vols. I and II (second supplemental).

[20] Rec. Doc. 9.

[21] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

[22]The court considers the finality of Williams' conviction to have occurred after he was re-sentenced. See *Burton v. Stewart*, 549 U.S. 147, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007)("Final judgment in a criminal case means sentence. The sentence is the judgment." (citation omitted))

expired for seeking a writ of certiorari from the United States Supreme Court. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *Chester v. Cain*, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); *see also* U.S. Sup. Ct. R. 13(1). Accordingly, petitioner's one-year period for seeking federal *habeas corpus* relief commenced on January 3, 2004 and expired one year later, on January 3, 2005, unless that deadline was extended through tolling. Williams filed his federal petition on May 22, 2006.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2).

In the instant case, the court gives petitioner the benefit of the earliest date when he could have filed his first post-conviction application, November 24, 2004.[23] Therefore, three hundred and twenty-six (326) days of the federal limitations period elapsed prior to being tolled on November 24, 2004, by the filing of petitioner's state post-conviction application (January 3, 2004 through November 24, 2004= 326 days). Although that application was denied on December 1, 2004, tolling continued uninterrupted through the appellate process, so long as appellate review was sought in a timely manner. *Grillette v.*

---

[23]The date is typed on the accompanying cover letter which petitioner mailed to the court, which is referenced in footnote 7 of this report.

*Warden, Winn Correctional Center*, 372 F.3d 765, 769-70 (5th Cir. 2004). Petitioner's related writ application seeking review of this decision to the Louisiana Court of Appeal, Fourth Circuit was denied by that court on February 10, 2005. Additionally, a petition for supervisory review sought from the Louisiana Supreme Court appears to have been timely filed,[24] thus the Court finds that tolling continued in this case until the Louisiana Supreme Court denied relief on February 10, 2006.

At this point, petitioner had thirty-nine (39) days of the limitations period remaining, meaning that his federal limitations period expired on March 21, 2006, unless that deadline was again extended by additional tolling.

Petitioner had no state applications for post-conviction relief or other collateral review pending at any time during the period from February 10, 2006, through March 21, 2006. Accordingly, he clearly was not entitled to further statutory tolling. Williams federal limitations period therefore expired on March 21, 2006, prior to the filing of his federal habeas application on May 22, 2006.[25]

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant

---

[24] The state does not argue that the appellate filings were untimely.

[25] Williams next state court filing was not made until August of 2007. See footnote 16, herein.

about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). Petitioner bears the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations in this case.[26]

Because petitioner is entitled to neither further statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before March 21, 2006, in order to be timely. Petitioner's federal application was not filed until May 22, 2006, and it is therefore untimely.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Louis Williams be **DISMISSED WITH PREJUDICE as untimely**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except

---

[26] In his traverse, petitioner appears to only argue that he is entitled to have his conviction determined to be final by including the 90 day period for seeking a writ of certiorari from the United States Supreme Court. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Since the court included this ninety day period in its calculation of the finality of petitioner's conviction, *Roberts* does not provide petitioner with a basis for extending the limitations period further than already allowed.

upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

        New Orleans, Louisiana, this _____23rd_____ day of December, 2008.

_____
**LOUIS MOORE, JR.**
**UNITED STATES MAGISTRATE JUDGE**